IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| STEVEN MITCHELL KORTH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 09-1143-JO |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| ALLSTATE INDEMNITY COMPANY, | ) | |
| an Illinois corporation; ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

Steven Mitchell Korth
4230 S.E. King Road, #214
Portland, OR  97222

 Plaintiff Pro Se

Blake E. Marks-Dias
Gavin W. Skok
RIDDELL WILLIAMS, PS
1001 Fourth Avenue, Suite 4500
Seattle, WA  98154-1192

Douglas F. Foley
FOLEY & BUXMAN, PLLC
13115 N.E. 4th Street, Suite 260
Vancouver, WA  98684

Emilie K. Edling
Jeffrey S. Eden
BULLIVANT HOUSER BAILEY, PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR  97204

David C. Landis
LAW OFFICES OF DAVID C. LANDIS
1515 S.W. Fifth Avenue, Suite 844
Portland, OR  97201-5447

Brooks MacInnes Foster
CHENOWETH LAW GROUP, LLP
510 S.W. Fifth Avenue, Fifth Floor
Portland, OR  97204

   Attorneys for Defendants

JONES, Judge:

This action arises out of a dispute over the proceeds of a renter's insurance policy,

entitlement to which was and once again is an issue in ongoing state court dissolution

proceedings.  In this court, plaintiff brought an action pro se against the various lawyer and

insurance company defendants, alleging a claim under the Racketeer Influenced and Corrupt

Organizations Act ("RICO"), and claims for civil RICO conspiracy, deceit, breach of the duty of

good faith and fair dealing (labeled "fraudulent concealment"), civil conspiracy, aiding and

abetting, breach of contract, and negligence.

Plaintiff has filed two motions (## 6, 47) for temporary restraining orders ("TRO") and

preliminary injunctions, asking this court, in essence, to restrain the insurance defendants and the

attorney defendants from taking certain actions with respect to the dissolution proceedings and

the proceeds of the renter's insurance policy, and to generally interfere in state court matters.

2 - ORDER

Defendants Tanzosh and Gevurtz Menashe, in turn, have moved (# 44) to dismiss all of plaintiff's

claims or, alternatively, for summary judgment on all claims.  Plaintiff has not responded to that

motion.

 I have carefully reviewed plaintiff's complaint, his motions, and his supporting materials,

as well as all other submissions in this case.  Plaintiff's motions for TRO ask this court to

unreasonably interfere in state court matters, which this court declines to do.  Both motions (## 6,

47) are therefore DENIED.

 With respect to defendants' motion to dismiss, the only issue I must address is plaintiff's

RICO claim.  This is because it has appeared from the outset of this litigation that this court

would lack subject matter jurisdiction over plaintiff's claims, but for his RICO claim.

"'Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall

dismiss the action.'"  Oregon v. Legal Services Corp., 552 F.3d 965, 969 (9th Cir. 2009)(quoting

Fed. R. Civ. P. 12(h)(3)).  The objection that the court lacks subject matter jurisdiction may be

raised at any time and by any party, including the court on its own initiative.  Oregon, 552 F.3d at

969 (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006)).

 Plaintiff's complaint contains only general and conclusory allegations with regard to the

elements of his RICO claim, including the predicate acts.  The Federal Rule of Civil

Procedure 9(b) requirement that "[i]n all averments of fraud or mistake, the circumstances

constituting fraud or mistake shall be stated with particularity" applies to civil RICO fraud

claims.  Edwards v. Marin Park Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004).  To avoid

dismissal for inadequacy under Rule 9(b), plaintiff's complaint would need to "'state the time,

place, and specific content of the false representations as well as the identities of the parties to

3 - ORDER

the misrepresentation.'"  Id., at 1066 (quoting Alan Neuman Prods., Inc. v. Albright, 862 F.2d

1388, 1393 (9th Cir. 1989)).

This court has reviewed plaintiff's complaint in detail and finds that, despite his numerous

allegations (196 paragraphs), plaintiff has failed to plead with particularity anything more than an

ongoing course of conversations, telephone conversations, and correspondence pertaining to his

ongoing quest for the proceeds of the renter's insurance policy.  Plaintiff has described nothing

with particularity that rises to the level of the required RICO predicate acts.  Moreover, given the

nature of the allegations on which plaintiff relies to establish the predicate acts of fraud, I

conclude that amendment would be futile and therefore will deny any request for leave to amend.

The subject matter of this action and plaintiff's complaints about the insurance and attorney

defendants in his dissolution proceeding belong in state court, where this dispute began, and

therefore I also decline to retain jurisdiction over plaintiff's supplemental state law claims.[1]

Consequently, I grant defendants' motion to dismiss (# 44) plaintiff's RICO claims, and

dismiss the complaint with prejudice against all defendants.  Any other pending motions are

denied as moot.

DATED this 14th day of January, 2010.

/s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

---

[1]    Plaintiff also alleges diversity jurisdiction, but his own allegations demonstrate that diversity between plaintiff and all defendants does not exist.

4 - ORDER